UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| STACEY BROWN JR., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-841-R |
| TIM WILKERSON, Warden, et al. | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Stacey Brown Jr., a state prisoner appearing pro se, has initiated the present action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights at the Davis Correctional Facility in Holdenville, Oklahoma. *See* Compl. (Doc. No. 1). United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Because venue is lacking, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Oklahoma.

PLAINTIFF'S CLAIMS AND RELIEF SOUGHT

Plaintiff brings this action against two Defendants: (1) Tim Wilkerson, the Warden at Davis Correctional Facility ("DCF"); and (2) Mr. Samford, a registered nurse at DCF. *See* Compl. at 1. Plaintiff alleges that on July 27, 2014, he injured his hand while a prisoner at DCF. *See id.* at 2. Plaintiff alleges that he sought medical attention approximately two days after the incident, but Defendant Samford made Plaintiff fill out a medical request form and did not see Plaintiff until July 30, 2014. *See id.* Plaintiff

alleges that Defendant Samford told Plaintiff it would be two weeks until Plaintiff could receive an x-ray of his hand, Plaintiff received an x-ray two weeks later, and Plaintiff had an appointment with a doctor two weeks after that. *Id.* Plaintiff alleges that the doctor advised Plaintiff that his fracture had healed improperly and ultimately performed surgery on Plaintiff's hand. *Id.*

Plaintiff alleges that he still has "a large amount of pain" in his hand at certain times and that "[w]hen [he] close[s] [his] hand into a fist [his] fingers do not align properly." *Id.* at 2, 3. Plaintiff asserts that Defendant Samford improperly failed to treat his "broken hand as a medical emergency." *Id.* at 2. Plaintiff asserts that he notified Defendant Wilkerson of the delay in medical treatment and of Plaintiff's failure to receive pain relief. *Id.*

Plaintiff contends that Defendants' actions and omissions constituted a deprivation of Plaintiff's rights under the Eighth Amendment. *Id.* at 2-3. Plaintiff seeks a money judgment and costs against Defendants. *Id.* at 4.

ANALYSIS

*A. Screening*

The Court is obligated to conduct an initial review of Plaintiff's Complaint and dismiss the pleading, or any portion thereof, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions and requiring dismissal under these grounds "at any time"); 42 U.S.C. § 1997e(c)(1) (governing prisoners' § 1983 actions challenging prison conditions and

requiring dismissal "if the court is satisfied" that any of these grounds exist); Doc. No. 6 (order granting Plaintiff leave to proceed *in forma pauperis*). Pursuant to this obligation, the Court may consider sua sponte whether proper venue is lacking "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) ("The district court may properly consider . . . venue on a § 1915 screening . . . .").

*B. Proper Venue in This Lawsuit*

For a federal civil action such as the one asserted by Plaintiff, venue is proper in a judicial district: (1) where any defendant resides, if all defendants are residents of the state in which that district is located; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) if neither of those provisions applies, where any defendant is subject to the district court's personal jurisdiction. *See* 28 U.S.C. § 1391(b)(1)-(3).

No events relevant to this lawsuit are alleged to have occurred within the Western District of Oklahoma. *See* Compl. at 2-3. As outlined above, Plaintiff's allegations are solely concerned with Defendants' denial of proper medical treatment at DCF, which is a facility located in Holdenville, Hughes County, Oklahoma. *See id.* at 1-3. Hughes County lies within the territorial jurisdiction of the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in the Eastern District of Oklahoma, where "a substantial part of the events or omissions giving rise to the claim occurred." *See id.* § 1391(b)(2).

Plaintiff's identification of the two Defendants also reflects that venue properly lies in the Eastern District of Oklahoma, rather than in this judicial district, pursuant to 28 U.S.C. § 1391(b)(1). Each Defendant is specifically alleged to be "a citizen of Holdenville[,] Oklahoma," as well as an employee of DCF in Holdenville, Oklahoma. *See* Compl. at 1; 28 U.S.C. § 1391(b)(1).[1] Venue as determined by § 1391(b)(1) therefore properly lies in the Eastern District of Oklahoma—i.e., "a judicial district in which any defendant resides." *See* 28 U.S.C. § 1391(b)(1); *see also id.* § 1391(c)(1) ("For all venue purposes . . . a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled.").

Because venue does not lie within the Western District of Oklahoma under 28 U.S.C. § 1391(b), the Court "shall dismiss, or if it be in the interest of justice, transfer" this case to the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 1406(a); *see Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 n.3 (10th Cir. 2001). *See generally Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice."). The decision as to whether dismissal or transfer is the better course "lies within the sound discretion of the

---

[1] Plaintiff himself is currently incarcerated in a facility within the territorial jurisdiction of the Northern District of Oklahoma. *See* Compl. at 1 (reflecting Plaintiff's address is a facility in Hominy, Oklahoma (which the undersigned judicially notices as lying in Osage County)); 28 U.S.C. § 116(a) (prescribing that Osage County is part of the Northern District of Oklahoma).

district court." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998).

Here, upon review of the Complaint and Plaintiff's allegations, the undersigned finds that Plaintiff's cause of action should be transferred to the United States District Court for the Eastern District of Oklahoma. *Cf. Haugh v. Booker*, 210 F.3d 1147, 1151 (10th Cir. 2000) (discussing whether a transfer for want of jurisdiction was "in the interest of justice"). Plaintiff shall have the opportunity to be heard on this venue issue, should he desire, by timely filing a written objection to this Report and Recommendation. *See Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 16, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

5

ENTERED this 25th day of November, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE